IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Jesse Weiss,                                    Civil No. 13-01946 (SRN/AJB)

        Plaintiff,

vs.                                             AMENDED COMPLAINT


Dakota Growers Pasta Company, Inc.

        Defendant.
_____

      Plaintiff Jesse Weiss (hereinafter, "Plaintiff"), brings this class action complaint against Defendant Dakota Growers Pasta Company, Inc. (hereinafter, "Dakota Growers" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, who purchased Defendant's Dreamfields® Healthy Carb Living Pasta ("Dreamfields Pasta") at any time from June 2007 to July 15, 2013 (the "Class Period"). Plaintiff's allegations against Defendant are based upon information and belief and upon investigation of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## I.      JURISDICTION AND VENUE

      1.    This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1332(d), because the aggregate claims of the Class exceed the

sum or value of $5,000,000.00, and there is diversity of citizenship between proposed class members and Defendant.

2.      Venue is proper in this District under 28 U.S.C. §1391(a)(1) and (2). Defendant conducts substantial business in this District, including conduct directed at members of the Class, including the promotion, sale, and marketing of its products, sufficient to render it within the jurisdiction of this Court.

## II.      NATURE OF THE ACTION

3.      This is a putative class action on behalf of a nationwide class seeking redress for Defendant's deceptive practices in its marketing and advertising of Dreamfields Pasta during the Class Period.

4.      Consumers are increasingly health conscious and, as a result, many consumers are interested in healthier food alternatives for themselves and their families. This is especially so for individuals who need to maintain low blood glucose levels, or who need to maintain a low-carbohydrate diet.

5.      Dreamfields Pasta is deceptively marketed, advertised, and sold to Plaintiff and the other Class members as a "low-carb," or "healty carb," food product that contains "fewer digestible carbohydrates and a lower glycemic index than traditional pasta." www.dreamfields.com.

6.      The central message of Defendant's marketing and advertising is that Dreamfields Pasta can be consumed by people who are on a low carbohydrate diet, such as diabetics.

2

7.     In Dreamfields Pasta's marketing and advertising, Defendant omits that the blood glucose levels of an individual after eating Dreamfields Pasta is no different from the blood glucose levels of an individual after eating traditional pasta.

8.     The blood glucose level is the amount of glucose (sugar) present in the blood. This level rises after eating. The amount of the rise, and the length of time that blood glucose levels remain elevated, depend on what types of food are ingested. Because the elevation of blood glucose levels and the length of time the levels are elevated are the same whether a person eats Dreamfields Pasta or traditional pasta, Dreamfields Pasta is not a low carbohydrate substitute for traditional pasta.

9.     As a result of its deceptive marketing and advertising, Defendant has generated substantial revenues from the sale of Dreamfields Pasta.

### III.   PARTIES

10.     Plaintiff Jesse Weiss is a citizen of the State of Texas. During the Class Period, Plaintiff purchased Defendant's Dreamfields Pasta for himself and his family at a premium price from H.E.B. grocery stores located in Austin, Texas. Plaintiff viewed the misleading and deceptive statements contained on the packaging of the Dreamfields Pasta as well as Defendant's widespread advertising and marketing of the Dreamfields Pasta. Based upon these misrepresentations, Plaintiff reached the conclusion that the Dreamfields Pasta was a healthful, low carbohydrate alternative to traditional pasta. Plaintiff began purchasing Dreamfields Pasta in 2005 when he was following the Atkins Diet, which is a diet which restricts carbohydrate intake.

3

11.     Defendant Dakota Growers Pasta Co. is a North Dakota corporation with its headquarters located in Carrington, North Dakota.  Dakota Growers operates one of its two production plants in New Hope, Minnesota and maintains a registered corporate office in St. Paul, Minnesota.  Defendant advertises and distributes the Dreamfields Pasta brand throughout the United States.

## IV.    SUBSTANTIVE ALLEGATIONS

12.     Since 2004, Dakota Growers created and implemented a marketing campaign focused on the false representation of Dreamfields Pasta as a low carbohydrate alternative to traditional pasta.

13.     As described herein, Defendant's Class Period representations on the Dreamfields Pasta label and in advertisements regarding Dreamfields Pasta are misleading because they:

   a. omit that the blood glucose levels of an individual after eating Dreamfields Pasta is no different from the blood glucose levels of an individual after eating traditional pasta, and

   b. omit the actual content of Dietary Fiber on its Nutritional Facts label.[1]

14.     The Dreamfields Pasta Nutrition Facts label accurately identifies the grams and percentage of the recommended daily value of Total Carbohydrates; however it omits the actual grams and percentage of the recommended daily value of Dietary Fiber, Soluble Fiber, and Insoluble Fiber contained in the particular product. This is important,

---

[1] The Nutrition Facts label is a label required on packaged foods that lists the percentage of nutrients supplied by that product based on a daily diet of 2,000 Calories.

because these are the percentages that diabetics and people on low carbohydrate diets or those seeking to minimize blood glucose level spikes will look at to determine the amount of glucose which will be absorbed by the bloodstream after ingesting the product.

15.     The Nutritional Facts label states that Dreamfields Pasta contains 41 grams of Total Carbohydrates, and yet only 5 grams of Dietary Fiber.

16.     The Nutritional Facts information is provided both on the packaging and on the product website, www.dreamfieldsfoods.com.

17.     Defendant, on its website, claims that:

"While the total number of carbohydrates is the same as traditional pasta, our patented formula and unique manufacturing process protects all but 5 grams of carbohydrates from being digested. The Dreamfields fiber and protein blend creates a protective barrier to reduce starch digestion in the small intestine. The unabsorbed, or protected carbohydrates then pass to the colon where they are fermented, providing the same health benefits as fiber."

18.     Defendant's website further states:

**Q.   How can Dreamfields Pasta have a 65% lower glycemic index (GI) than traditional pasta?**

A.     The glycemic index (GI), in simple terms, measures the quality of carbohydrates in a food item. This is measured by how quickly the body breaks down carbohydrates and converts the carbohydrates into glucose. The glycemic index is measured on a scale from 1 to 100. Foods with a high GI break down quickly during digestion, causing a high and quick blood-glucose response. Low GI foods break down more slowly and release glucose into the bloodstream at a much lower and slower rate. Dreamfields' unique fiber and protein blend enables its pasta to have a glycemic index that is 65 percent lower than traditional pasta (Dreamfields GI=13; traditional pasta GI=38). This blend also protects all but 5 grams of the carbohydrates per serving from being digested and therefore lessens post-meal blood glucose rise as compared to traditional pasta. We carefully monitor and clinically test our pasta on healthy people to ensure accuracy of its stated GI level.

19.     Plaintiff read and relied upon these statements and the depiction on the Dreamfields Pasta label and the dreamfieldsfoods.com website.

20.     The label is misleading because it omits: (a) that the blood glucose levels of an individual after eating Dreamfields Pasta is no different from the blood glucose levels of an individual after eating traditional pasta, and (b) the actual content of Dietary Fiber on its Nutritional Facts label.

21.     Plaintiff purchased Dreamfields Pasta reasonably believing, based on Defendant's representations and omissions, that, Dreamfields Pasta was a low carbohydrate alternative to traditional pasta, which it is not.

22.     On January 20, 2011, the journal *Diabetes Care* published an article entitled "Glycemic Response to Ingested Dreamfields Pasta Compared with Traditional Pasta." The study compared the glucose response over three hours after ingestion of a portion of Dreamfields Pasta as compared with traditional pasta. The study found that ingestion of Dreamfields Pasta did not result in improved glucose response as compared to traditional pasta.

23.     On August 19, 2011, this study was withdrawn "because some of the data were obtained prior to receiving IRB [Institutional Review Board] approval."

24.     Additional experiments have yielded similar results. In a May 19, 2011 web post entitled "The Dreamfields Pasta Fraud" on the website Diet Doctor (www.dietdoctor.com), the author tested his blood glucose levels after eating Dreamfields Pasta and found the resulting blood glucose level curve to be similar to

eating bleached white bread. The author had performed this experiment prior to the publication of the Diabetes Care study and published it on an internet blog.

25.     Plaintiff did not discover the above articles until sometime during the last six months.

26.     Plaintiff did not know that Dreamfields Pasta is not a low carbohydrate substitute for traditional pasta before sometime during the last six months.

27.     Plaintiff, in the exercise of reasonable diligence, could not have discovered Defendant's deceptive practices earlier because, similar to nearly all consumers, Plaintiff does not read scholarly publications and was mislead by defendant.

28.     Plaintiff purchased Dreamfields Pasta believing it had the qualities Plaintiff sought based on Defendant's deceptive advertising and misrepresentations.

29.     Plaintiff would not have paid the extra money for Dreamfields Pasta had he known the truth about the product.

30.     Plaintiff and members of the Class paid more for Dreamfields Pasta than they otherwise would have had they not been misled by the false and misleading advertisements and misrepresentations complained of herein.

31.     For these reasons, Dreamfields Pasta was worth less than what Plaintiff and members of the Class paid for it.

32.     Plaintiff and members of the Class were induced to and did purchase Dreamfields Pasta instead of traditional pasta or truly low carbohydrate pasta products based on the false statements and misrepresentations described herein.

33.     Instead of receiving products that have the advantages inherent in being low carbohydrate or having a low glycemic index, Plaintiff and members of the Class received products that were indistinguishable from traditional pasta products.

34.     Plaintiff and members of the Class lost money as a result of Defendant's deception in that they did not receive what they paid for.

35.     Plaintiff and members of the Class altered their position to their detriment and suffered damages in an amount equal to the amount they paid for Dreamfields Pasta.

## V.     CLASS ALLEGATIONS

36.     Plaintiff brings claims pursuant to Federal Rule of Civil Procedure 23 individually and on behalf of the following nationwide consumer class (the "Class"):

> All purchasers of Dreamfields Pasta beverages from June 2007 to July 15, 2013.
>
> Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of Defendant; also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

37.     The Class is sufficiently numerous, as it includes thousands of persons who have purchased Dreamfields Pasta products. Thus, joinder of such persons in a single action or bringing all members of the Class before the Court is impracticable for purposes of Rule 23(a)(1) of the Federal Rules of Civil Procedure. The disposition of the Class members' claims in this class action will substantially benefit both the parties and the Court.

38.     The Class is readily ascertainable through Defendant's business records. Notice can be provided to Class members through publication of notice by internet, radio, newspapers and magazines.

39.     There are questions of law and fact common to the Class for purposes of Federal Rule of Civil Procedure 23(a)(2). Defendant's advertising, marketing, labeling and promotional practices were supplied uniformly to all members of the Class, so that the questions of law and fact are common to all members of the Class. All Class members were and are similarly affected by having purchased Dreamfields Pasta for their intended and foreseeable purpose as promoted, marketed, advertised, packaged and labeled by Defendant as set forth in detail herein, and the relief sought herein is for the benefit of Plaintiff and other members of the Class.

40.     Plaintiff asserts claims that are typical of the claims of the entire Class for purposes of Federal Rule of Civil Procedure 23(a)(3). Plaintiff and all Class members have been subjected to the same wrongful conduct because they have purchased Dreamfields Pasta that does not possess the benefits that Defendant represents. Plaintiff and the Class have thus all overpaid for Dreamfields Pasta and/or purchased Dreamfields Pasta that they otherwise would not have.

41.     Plaintiff will fairly and adequately represent and protect the interests of the other Class members for purposes of Federal Rule of Civil Procedure 23(a)(4). Plaintiff has no interests antagonistic to those of other Class members. Plaintiff is committed to the vigorous prosecution of this action and has retained counsel experienced in litigation

of this nature to represent him. Plaintiff anticipates no difficulty in the management of this litigation as a class action.

42.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole. Defendant's advertising, marketing, labeling and promotional practices were supplied uniformly to all members of the Class.

43.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact substantially predominate over any questions that may affect only individual members of the Class. Among these common questions of law and fact are:

     a.  whether Defendant misrepresented or omitted material facts in connection with the promotion, marketing, advertising, packaging, labeling and sale of Dreamfields Pasta;

     b.  whether Defendant represented that Dreamfields Pasta has characteristics, benefits, uses or qualities that it does not have;

     c.  whether Defendant's acts and practices in connection with the promotion, marketing, advertising, packaging, labeling, distribution and sale of Dreamfields Pasta violated the Minnesota Uniform Deceptive Trade Practices Act;

d.   whether Defendant's acts and practices in connection with the promotion, marketing, advertising, packaging, labeling, distribution and sale of Dreamfields Pasta violated the Minnesota Consumer Fraud Act;

e.   whether Defendant's acts and practices in connection with the promotion, marketing, advertising, packaging, labeling, distribution and sale of Dreamfields Pasta violated the Minnesota False Statement in Advertising Act;

f.   whether Defendant's acts and practices in connection with the promotion, marketing, advertising, packaging, labeling and sale of Dreamfields Pasta breached their express and implied warranties to Plaintiff and the Class; and

g.   whether Defendant's conduct, as set forth herein, injured members of the Class and whether they have been damaged by the wrongs complained of herein, and if so, the measure of those damages and the nature and extent of other relief that should be provided.

44.     Proceeding as a class action provides substantial benefits to both the parties and the Court because this is the most efficient method for the fair and efficient adjudication of the controversy. Class members have suffered and will suffer irreparable harm and damages as a result of Defendant's wrongful conduct. Because of the nature of the individual Class members' claims, few, if any, could or would otherwise afford to seek legal redress against Defendant for the wrongs complained of herein, and a representative class action is therefore appropriate, the superior method of proceeding,

and essential to the interests of justice insofar as the resolution of Class members' claims is concerned. Absent a representative class action, Class members would continue to suffer losses for which they would have no remedy, and Defendant would unjustly retain the proceeds of its ill-gotten gains. Even if separate actions could be brought by individual members of the Class, the resulting multiplicity of lawsuits would cause undue hardship, burden and expense for the Court and the litigants, as well as create a risk of inconsistent rulings which might be dispositive of the interests of the other Class members who are not parties to the adjudications and/or may substantially impede their ability to protect their interests.

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### <u>Breach of Express Warranty</u>

45.    Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

46.    Defendant made representations to the public, including Plaintiff, by its advertising, packaging and other means, that Dreamfields Pasta is a low carbohydrate alternative to traditional pasta, among other representations. That promise became part of the basis of the bargain between the parties and thus constituted an express warranty.

47.    Thereon, Defendant sold the goods to Plaintiff and other Class members, who bought the goods from Defendant.

48.    However, Defendant breached the express warranty in that the goods were in fact not a low carbohydrate alternative to traditional pasta, as set forth in detail herein.

As a result of this breach, Plaintiff and other consumers in fact did not receive goods as warranted by Defendant.

49.     As a proximate result of this breach of warranty by Defendant, Plaintiff and other consumers have been damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**<u>Breach of Implied Warranty of Merchantability</u>**

50.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

51.     Defendant made representations to the Class, including Plaintiff, by its advertising, packaging and other means that Dreamfields Pasta is a low carbohydrate alternative to traditional pasta, among other representations. Plaintiff and the Class bought those goods from Defendant.

52.     Defendant was a merchant with respect to goods of this kind which were sold to Plaintiff and the Class, and there was in the sale to Plaintiff and other consumers an implied warranty that those goods were merchantable.

53.     However, Defendant breached that warranty implied in the contract for the sale of goods in that Dreamfields Pasta is, in fact, not a low carbohydrate alternative to traditional pasta, as set forth in detail herein.

54.     As a result of Defendant's conduct, Plaintiff and other consumers did not receive goods as impliedly warranted by Defendant to be merchantable.

55.     As a proximate result of this breach of warranty by Defendant, Plaintiff and the Class have been damaged in an amount to be determined at trial.

13

## THIRD CAUSE OF ACTION
### Minnesota Uniform Deceptive Trade Practices Act
### <u>Minnesota Statutes §§ 325D.43, et seq.</u>

56.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

57.     Defendant's conduct violated and continues to violate the UDTPA in at least the following respects: a. In violation of § 325D.44(5), Defendant represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have; b. In violation of § 325D.44(7), Defendant represented that goods or services are of a particular standard, quality, or grade . . . [when] they are of another.

58.     Defendant engaged in these unfair and deceptive acts and practices with the intent that they result, and which did result, in the sale of food products to Plaintiff and Class members. As a result of Defendant's practices, Plaintiff and Class members have suffered damages as described above.

59.     The fact that consumers purchased Dreamfields Pasta is material in that a reasonable person would have considered the alleged healthfulness of Dreamfields Pasta an important factor that would have meaningfully affected his or her decision regarding whether to purchase Dreamfields Pasta instead of cheaper competing food products or cheaper traditional pasta.

60.     Defendant's representations injured Plaintiff and Class members in that Plaintiff and Class members paid a premium for Dreamfields Pasta portrayed as low

14

carbohydrate but that, in actuality, have blood glucose effects that are indistinguishable from traditional pasta.

61.     As a result of Defendant's acts and practices as alleged in this Complaint, Plaintiff, on behalf of himself and all Class members, seeks actual damages, in an amount to be proven at trial, pursuant to Minnesota Statutes § 8.31; an order enjoining Defendant from continuing to engage in unlawful, unfair, or fraudulent business practices; and any other act prohibited by law. Plaintiff, on behalf of herself and all Class members, additionally seeks costs and reasonable attorney's fees pursuant to Minnesota Statutes § 8.31.

## FOURTH CAUSE OF ACTION
## Minnesota Consumer Fraud Act
## Minnesota Statutes § 325F.67

62.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

63.     Plaintiff brings this Cause of Action pursuant to the Minnesota Private Attorney Statute, Minn. Stat. § 8.31, subd. 3a.

64.     Defendant's misrepresentations and/or omissions have been made to a significant segment of the public through its packaging and internet website and advertising.

65.     Defendant made representations to the public by its advertising, packaging and other means that Dreamfields Pasta is a low carbohydrate alternative to traditional pasta, among other representations, when, in reality, it is no different from traditional pasta.

66.     Because of the misrepresentations and omissions made in its advertisements, Defendant has been charging an inflated price for its product.

67.     Plaintiff seeks monetary damages to consumers and for an order requiring Defendant to cease its misleading advertisements and packaging.

## FIFTH CAUSE OF ACTION
### Minnesota False Statement in Advertising Act
### Minnesota Statutes § 325F.69

68.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

69.     Plaintiff brings this Cause of Action pursuant to the Minnesota Private Attorney Statute, Minn. Stat. § 8.31, subd. 3a.

70.     Defendant's misrepresentations and/or omissions have been made to a significant segment of the public through its packaging and internet website and advertising.

71.     Defendant made representations to the public by its advertising, packaging and other means that Dreamfields Pasta is a low carbohydrate alternative to traditional pasta, among other representations, when, in reality, it is no different from traditional pasta.

72.     Because of the misrepresentations and omissions made in its advertisements, Defendant has been charging an inflated price for its product.

73.     Plaintiff seeks monetary damages to consumers and for an order requiring Defendant to cease its misleading advertisements and packaging.

## SIXTH CAUSE OF ACTION
### Unjust Enrichment

74.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

75.     As a result of Defendant's deceptive, fraudulent, and misleading labeling, advertising, marketing, and sales of Dreamfields Pasta, Defendant was enriched, at the expense of Plaintiff, and all others similarly situated, through the payment of the purchase price for Dreamfields Pasta.

76.     Under the circumstances, it would be against equity and good conscience to permit Defendant to retain the ill-gotten benefits that it received from Plaintiff the members of the Class in light of the fact that the Dreamfields Pasta purchased by Plaintiff and the members of the Class were not what Defendant purported them to be. Thus, it would be unjust or inequitable for Defendant to retain the benefit without restitution to Plaintiff and the members of the Class for the monies paid to Defendant for Dreamfields Pasta.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff demands judgment as follows:

A.     For an order certifying the proposed Class herein under Federal Rule of Civil Procedure 23(a) and (b)(3); appointing Plaintiff as representatives of the class; and appointing his undersigned counsel as class counsel;

B.     Monetary damages, including, but not limited to any compensatory, incidental, or consequential damages in an amount to be determined at trial, together with prejudgment

17

interest at the maximum rate allowable by law with respect to the common law claims alleged;

C.      Statutory damages in the maximum amount provided by law;

D.      Punitive damages in accordance with proof and in an amount consistent with applicable precedent;

E.      An order enjoining Defendant from marketing Dreamfields Pasta as a low carbohydrate or healthy carbohydrate product;

F.      For an order awarding Plaintiff and the Class members the reasonable costs and expenses of suit, including their attorneys' fees; and

G.      For any further relief that the Court may deem appropriate.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated:  August 27, 2013                         Respectfully submitted,

                                                GREGG M. CORWIN & ASSOCIATE
                                                LAW OFFICE, P.C.

                                                /s Gregg M. Corwin
                                                Gregg M. Corwin, # 19033
                                                Jordan Stockberger, # 0393428
                                                1660 South Highway 100
                                                508 East Parkdale Plaza Bldg.
                                                St. Louis Park, MN 55416
                                                952-544-7774 *(telephone)*
                                                952-544-7151 *(facsimile)*
                                                gcorwin@gcorwin.com

FEDERMAN & SHERWOOD
William B. Federman, # 00794935
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
405-235-1560 *(telephone)*
405-239-2112 *(facsimile)*
wbf@federmanlaw.com

BRANHAM LAW GROUP, LLP
Charles W. Branham, III, #24012323
3900 Elm Street
Dallas, TX 75226
214-722-5990 *(telephone)*
214-722-5991 *(facsimile)*
tbranham@branhamlawgroup.com

ATTORNEYS FOR PLAINTIFF